Good morning. May it please the Court, Graham Archer for Petitioner Dennis Barnett with the Federal Public Defender's Office in the Northern District of California. Mr. Barnett's petition, and if I could reserve two minutes for rebuttal, Mr. Barnett's petition is viewed in either, Mr. Barnett's petition can be viewed two separate ways. The first is that it is unequivocally and expressly incorporating his ineffective assistance counsel claim, which is. Expressly? Expressly. How? He references Exhibit A-20. Makes that an express reference? As to, well, he references in his, in his, in the boilerplate form he references that there was, that he suffered general ineffective assistance of counsel, and then references that his claims continue through Exhibits A-21. What exactly does it say? If I could ask the Court as to which. Well, I'm looking at, let's see, it's ER, I think it's 413, which is, I think, page, well, I can't tell the page number, but it's part of his handwritten petition. And at one point he says, see more supporting facts attached on section, and then my copy happens to have a little blank there, so there might be something under the blank. Ground 1, additional pages 1 through 40. See also attached Exhibits A through A-21. And I, that's the best reference I've found in his petition. And I'm having trouble, if there's something more, point to them, but I'm having trouble figuring out what makes that an express reference to a claim of ineffective assistance of counsel. If I could direct the Court to, it's Excerpt of Record 38. It's the bottom of the page is referenced. This is the, his handwritten attachments to the boilerplate form. Well, that's the attachment. I'm starting with the form itself. And if you read the form, what is it you're supposed to go look for? And from the form, it says, it seems to suggest like for background, you can go look at a bunch of exhibits. But even within, Your Honor, I think that the page 3 of his handwritten portion here is actually part of his form. It's prior to the exhibits that are referenced later. At the bottom of the page, it's listed as page 3 of the handwritten portion. It says, mid-paragraph, starting at line 13, the rest of claim of my complaint or my petition for writ of habeas corpus, read or review the petition for writ of habeas corpus, also see attached exhibit A through A21, and that is the end of my claims. He's indicating what his claims are, and he's bookending it there. However, I guess my problem is, as I read through this claim or this petition that he cites, he has some cites that are, if you sought relief in any proceeding other than an appeal, answer the following questions. And he goes through certain things under A, and those are other appeals. And just because they're in other appeals, don't make them a part of this appeal. And then he starts with his own claims, and those are on B, grounds for relief. And then I go through the claims for ground B, and he does say, claim one, see ineffective assistance of counsel, and he does say, see attached extra paper. But it seems to me that when I read through that, claim one, see ineffective assistance of counsel, see attached paper, he then gives the supporting facts as to his claim one. Then you read claim two, see attached extra paper, and he gives the additional facts that support that. Then you go to claim three, and he gives his extra facts that support that. In each, he says, see attached extra paper. In no place does he suggest the ineffective assistance of counsel claim you now want to raise. He alleges it generally and says see attached. He doesn't allege it even generally. He says ineffective assistance and the facts there are denied because counsel, based on several grounds, he failed to advise petitioner's right to a separate trial. Then the next is he didn't give a failed to object prejudicial evidence. And then he goes through what the prejudicial evidence is. Then he says he fails to investigate the victim's background. And then he says what they are there. Each one of them, if you will say, see attached extra paper. So I guess my big question for you is, am I to expect a district judge to wade through every document that's attached to these complaints not raised in the petition itself? Well, there could be a limit to that. I think when we're considering the ---- What is the limit? Is there a case that says there's a limit? I think the limit is well beyond this case. This is 360 pages of documents that Mr. Barnett, who is serving a life sentence in this case ---- Why do you say the limit is well beyond 360 pages? What case says it is? The district court in this case had no complaint about reading the 360 pages. The court came to the conclusion, which we believe is erroneous, that the portions that were attached as Exhibits A through A21 were only to be referenced as procedural history. Well, because he was reading what I just read to you, which was the first part is all about procedural history, or in other words, what we did in other petitions, and this was in fact a part of what we did in other petitions. And frankly, when I read through that, I thought of the same thing. The only thing that gives me any difference is that the top of each one of these pages that are attached as 36 through 41, he said, well, even further, he notes if any in his own writing, he tries to reference back to these claims that are in A and Grounds for Relief. He writes it right at the top of the page. So again, do we expect the district judge to wade through every one of these pages each time to determine what's in his petition? I think they should be read in the aggregate. For someone serving a life sentence to read 360 pages that actually does lay out very explicitly in Exhibit A20. How many times is this claim ever referenced? Ginsburg. Counsel, were you referring to the page 7 of his handwritten brief where he says, Appellant was denied the effective assistance of counsel by defense counsel's failure to raise a doubt as to his client's competency to stand trial? Is that what you're referencing? Page 7 of the Exhibit 20. Handwritten, yes. Yes, Your Honor. Well, again, I'm saying to myself, how many times did he reference this complaint or this claim that you say the district court should have reviewed? He references it in a general – he's not asked by the boilerplate form to add specificity. He's a pro se Petitioner who – he's a pro se litigant who does actually set forth some detail as to some of his claims, but then references the attached exhibit, which lays out in some detail the failure to investigate his competency after his testimony. I guess the reason I ask that question, if I look at Dye v. Hoffbauer, and I'm not sure Dye v. Hoffbauer is dead on on all points, but it seems to get there at least as to the last part of the opinion. It seems to me that there the court says that the references must be clear and repeated. And in his entire position, he only makes two specific references to this State petition. And neither of those were on the form, but were instead buried in deeply inside the handwritten argument. So I'm trying to figure out whether he really matches what you want to have. May I address that in rebuttal, Your Honor? I'm out of time. Okay. Well, you can address it now if you want. I'd be happy to be very brief. Go ahead and address it now. We'll still give you a minute for rebuttal. Thank you, Your Honor. Under Dye v. Hoffbauer, it's – which references the Federal rules, his entire – his exhibits are part of his petition. So there's not a distinction between – No, that isn't what it says. It says it must be clear and repeated, if I read the language. I understand that. But I don't think there's a – I don't think that means that every claim has to be repeated multiple times. I mean, he simply – he states it as part of his petition. And I don't think 360 pages is too voluminous for the Court to consider. That wasn't a complaint of the district court here. The district court indicated that it saw the attachment. I understand it wasn't a complaint of the district court. And the bottom line was because the district court saw it only come up under the procedural history, not under the claims. It's very clear from – and this is Excerpt of Record 38. It's very clear that he says that the – he bookends his claims. It ends at A21. And then there's a discussion of the procedural history after that. But there's a paragraph break. And I don't think – I think the liberally construed, per se, petition shouldn't get into the kind of nitpicking about whether the paragraph break here determines his intent. I think it should be taken as a whole. But the – I understand your argument. Thank you, Your Honor. Sorry that I took you over. Good morning. Gregory Ott for Respondent. This claim was, in every sense of the word, buried in 300 and, by my count, 384 pages of exhibits. There was not a reference even to Exhibit A20. This was a blanket reference to 20 exhibits comprising a couple of hundred pages. When he referred to exhibits, he was specific. He labels the exhibits as such, and he labels his attached pages as such. At the – in his handwritten pages, at the bottom of most of them, he says, see attached page, see attached page. When he's referring to an exhibit, he calls it that. And likewise, it's clear he intended only three – the very three very specific IAC claims that he mentions in his form. At the top, as Judge Smith pointed out, at the top of most of his handwritten pages, he states that he is discussing claims 1, 2, and 3. He never suggests that there's a 4, or 5, or 6, or anything else, anything other than these. And these are very specific, as the district court pointed out, three separate claims of ineffective assistance. Counsel, what concerns me about this case is that no court will hear Mr. Barnett's Federal claims of competency to stand trial. He has an extensive history of mental illness. He's also developmentally disabled and functionally illiterate. It seems to me troubling that the ineffective assistance of counsel claiming an issue before this Court is for his lawyer's failure to raise Barnett's competency to stand trial. Is there anything troubling about this to you? No, Your Honor. This was – it was fully reviewed on direct review by the State court. It will be – our position is that it is barred in this court, but it has received one round of review in State court. He raised it on direct appeal, and that – and that was addressed in the court of appeal opinion. He then re-raised it in two State habeas petitions in State court. So the State has spoken? So – so I guess – Well – Theoretically, he's had two rounds in State court. Actually, it's been considered, is your answer. Yes, Your Honor. And as to his mental health history, which we, of course, don't dispute, our position isn't that he doesn't get liberal interpretation or liberal construction – I'm sorry – because of his mental health history. Our position is that he has had assistance, as the district court found, and that has been his position, that he has received assistance. And so I don't think he should receive any more liberal construction than the ordinary pro se prisoner. We agree that liberal construction applies. We just believe it has its limits and that those limits are – have been exceeded here. Thank you. So if I look at Dye v. Hoffbauer, the second issue there, and I try to apply it in this case, why does that not say to me, well, we need to relook at this issue as Judge Nelson has adequately pointed out? Your Honor, our – and I'll quote – the Petitioner and Dye made, quote, clear and repeated references to an appended supporting brief. We don't believe that either of those are met. He has what you could call a supporting brief in his attached pages, handwritten pages. He doesn't reference the claim there, nor in his petition, and there aren't clear and repeated references. There – I believe it's – I believe the two references are cited to Exhibits A through A20. Again, that's 20 – that's an omnibus reference to hundreds of pages of exhibits, and we believe, as the District Court found, that that meant what it said, see these exhibits. Not see these exhibits for my claims, but see these exhibits for support. Again, when he meant – when he was briefing it or putting things in attached pages, he labeled them such, and he referred to them as such, and when they were exhibits, he called them that. But if I turn to ER 38, page 3, as counsel has suggested, and I read this language, the rest of claim of my complaint or my petition for writ, read or review the petition for writ of habeas corpus, see also attached Exhibit A through A21, and that is the end of my claims. I appreciate what you – your concerns. We believe that this is, again – well, that this is a general reference to this is my – this is the whole package, not that these are my claims. Plus, this is one sentence in 480 or 90 pages. This is not a clear reference. Again, he's referring to 20 exhibits. I don't believe – and digress for a second. There's been a lot of talk of what the petitioner intends. What did he intend to put in here? I think that – I don't know that that's incorrect, but I think we also have to look at what can a district court reasonably interpret? How can a district court reasonably interpret a petition? What does that court, when he's looking through this, understand to be the claims? I think that's equally important. And I don't think that coming across that line would lead the district court to believe that that one specific claim that's a couple of hundred pages later in an attached exhibit should be in the petition itself. If the court has no further questions, I would submit it. I have no other questions. Thank you. Thank you. We'll have some rebuttal. Thank you. First, I'd like to highlight that this is a gentleman who is serving a life sentence who has filed a total of 360 pages of claims. I don't think that's – while it is a – it's a fair number of pages relative to any civil litigation, it's a tiny sliver. So I don't think it's an overly burdensome task for the district court to review those pages. Well, let me just ask you this. Is there anything in the record to show, while you didn't try to file an amended petition that incorporated Mr. Barnett's claim of ineffective assistance of counsel? At the point where we would have done that, the – there was a motion to dismiss on procedural grounds is my understanding of why that wasn't done and that that was responded to by the – the district court didn't ask specifically for this The district court is fairly broad in its request for a response to the – to the IAC claims. All right. Thank you. And second, I don't think that Hofbauer sets a minimum threshold. I think that while it – in its – it's strong in its language as to that particular case, saying that there were repeated references, I don't think it's setting a minimum threshold for pro se litigants that they have to make repeated references. I think it's merely highlighting that in that case they were, and so it very clearly fell within the standards for a court to liberally construe the pro se petitioner's pleadings. Thank you. Thank you. I thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Nelson, Clifton, Smith